IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| MARGARET SOUCIE | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | |
| UNITED STATES OF AMERICA, | ) | COMPLAINT AND |
| CYNTHIA LEVICK FNP and | ) | JURY DEMAND |
| SEBASTICOOK FAMILY | ) | |
| DOCTORS | ) | |
| | ) | |
| Defendants | ) | |

Plaintiff Margaret Soucie, by and through her undersigned attorneys, hereby files suit against the above-captioned Defendants, and in support thereof, states as follows.

## SUMMARY OF CLAIMS

This is an administrative tort claim action brought pursuant to the Federal Torts Claim Act and, to the extent appropriate, ancillary state negligence common law and the State of Maine Health Care Act, by a resident of Dexter, Penobscot County, Maine for personal injuries suffered by her as a result of medical malpractice committed upon her by an employee of a federally-supported health facility.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action against the Defendants pursuant to 28 U.S.C. Sections 1346(b), 2401(b) and 2671-2680. This Court has jurisdiction over the pendant state law tort claims pursuant to 28 U.S.C. §1367(a).

2. Venue is properly vested in this Court because Plaintiff and the non-United States Defendants are residents of this District and the acts complained of occurred within the jurisdiction of this District (specifically, Penobscot County, Maine).

## PARTIES

3. At all times pertinent hereto, Margaret Soucie (hereinafter "Soucie") was an individual residing in Dexter, Penobscot County, Maine.

4. At all times relevant hereto, Cynthia Levick FNP was an employee of Sebasticook Family Doctors (hereinafter "Sebasticook"), a Maine corporation with a principal place of business in Newport, Penobscot County, Maine.

5. Upon information and belief, at all times relevant hereto, Sebasticook was a "federally-supported health facility" pursuant to the Federally-Supported Health Centers Assistance Act of 1992, as amended, 42 U.S.C. Section 233(g)-(n).

## FACTS

6. In October, 2012, Soucie was treated by and at the offices of Levick/Sebasticook.

7. On various dates during that within time frame, Levick/Sebasticook negligently and in breach of the applicable standards of care engaged in improper treatment for lower extremity complaints, resulting in an unnecessary below-knee

amputation of her right lower leg.

8. As a direct and proximate result of the negligence/breach of applicable standards of care of Levick/Sebasticook, Soucie has sustained personal injuries, including but not limited to:

    a. loss of her right lower leg;
    b. tremendous emotional distress, both past and future;
    c. pain and suffering; and
    c. loss of enjoyment of life.

9. On or about November 20, 2013, Plaintiff filed a Notice of Claim against Levick/Sebasticook pursuant to 24 M.R.S.A. Section 2853 and 14 M.R.S.A. Section 1602.

10. On or about January 23, 2014 the United States Department of Health and Human Services (hereinafter "the Department") issued a letter advising Plaintiff that Defendants Levick and Sebasticook were at all times relevant employees of a federally-supported health facility and that, pursuant to the Federally-Supported Health Centers Assistance Act of 1992, as amended, 42 U.S.C. Section 233(g)-(n), the Federal Torts Claim Act, 28 U.S.C. Section 1346(b), 2671-2680 is and was the exclusive remedy for the injuries sustained by Plaintiff.

11. On August 18, 2014, the Department issued a further letter advising Plaintiff that, after review, the claim of Plaintiff for the medical malpractice described above was denied. In that letter, the Department advised Plaintiff that the appropriate remedy for such denial, if and to the extent that Plaintiff disagreed with the said denial, was the filing of suit in the appropriate United States Federal District Court.

12. This action followed upon the aforesaid actions of the Department.

## CAUSES OF ACTION

### COUNT I
### FEDERAL TORT CLAIM ACT

13. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1-12, set forth above, with the full force and effect as if set forth fully herein.

14. By reason of the foregoing, Plaintiff is entitled to recover against the United States pursuant to the Federal Torts Claim Act.

### COUNT II
### STATE LAW NEGLIGENCE/MAINE HEALTH CARE ACT

15. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1-12 and 14 set forth above, with the full force and effect as if set forth fully herein.

16. By reason of the foregoing, if and to the extent that the Federal Torts Claim Act is deemed to not be the exclusive remedy for the injuries sustained by Plaintiff, Plaintiff is entitled to recover against Defendants Levick and Sebasticook in common law negligence and/or pursuant to Maine's Health Care Act, 24 M.R.S.A. Section 2853 and 14 M.R.S.A. Section 1602.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages in the amount of one million one hundred thousand Dollars ($1,100,000) and for her attorneys fees and costs, together with all such other, further and additional relief as this Court deems just and appropriate, and for a trial by jury on all issues so triable as a matter of right.

- 5 -

Dated at Lewiston, Maine this 19th day of September, 2014.

                /s/David Van Dyke, Esq.
                Hornblower Lynch Rabasco & Van Dyke
                261 Ash Street - P.O. Box 116
                Lewiston, Maine 04243-0116
                Tel. 207-786-6641
                dvandyke@hlrvd.com


Carl D. McCue, Esq.
McCue Law Office LLC
40 Western Avenue
P.O. Box 655
Hampden, ME  04444

*Attorneys for Plaintiff MARGARET SOUCIE*