# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| MARGARET SOUCIE | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:14-cv-370-JDL |
| UNITED STATES OF AMERICA, | ) |
| CYNTHIA LEVICK FNP, and | ) |
| SEBASTICOOK FAMILY DOCTORS, | ) |
| | ) |
| Defendants. | ) |

## ORDER ON DEFENDANTS' MOTION TO DISMISS

Plaintiff Margaret Soucie ("Soucie") has brought a medical malpractice claim under the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b) (2014), ("FTCA") against the United States ("the government"), as well as a parallel claim against Cynthia Levick, FNP ("Levick") and Sebasticook Family Doctors ("Sebasticook") under the Maine Health Security Act, 24 M.R.S. § 2510 *et seq*. (2014). ECF No. 1. The government moves to dismiss the FTCA claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and moves to dismiss the state law claim as improper in light of the FTCA's status as the exclusive remedy for certain tort claims against federal defendants. ECF No. 5 at 3-5. Soucie opposes the motion, while asking in the alternative that she be given leave to amend her complaint to correct any deficiencies. ECF No. 6 at 1. For the reasons set forth below, I grant Soucie leave to amend her complaint within ten (10) days, absent which her complaint will be ordered dismissed with prejudice.

1

# I. DISCUSSION

## A. Defendants' Motion to Dismiss

### i. FTCA Claim

In evaluating whether Soucie's complaint is sufficient to survive a Rule 12(b)(6) motion, I take "as true all well-pleaded facts set forth in the complaint and draw all reasonable inferences therefrom in the pleader's favor." *Artuso v. Vertex Pharm., Inc.*, 637 F.3d 1, 5 (1st Cir. 2011). I also separate factual allegations in the complaint from conclusory legal statements that "merely parrot the relevant legal standard." *Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). Finally, I analyze whether the remaining factual allegations "state a plausible, rather than merely a possible, assertion of defendants' liability." *Id.*

The well-pleaded facts of Soucie's complaint are as follows: In October, 2012, Soucie received treatment for lower extremity complaints at Sebasticook, where Levick, a nurse practitioner, cared for her. ECF No. 1 at 2. Sebasticook is a covered facility within the meaning of the Federally-Supported Health Centers Assistance Act ("FSHCAA"), *see* 42 U.S.C.A. § 233 (2014). *Id.* At some point in time, Soucie underwent a right lower leg amputation, although the details of the amputation and its relationship to the treatment that preceded it are unclear. ECF No. 1 at 3. Following the loss of her lower leg, Soucie suffered emotional distress, pain and suffering, and loss of enjoyment of life. *Id.*

In examining the sufficiency of Soucie's complaint, I do not credit her assertion that defendant's treatment of her leg was "negligent[ ] and in breach of the applicable standards of care." ECF No. 1 at 2; *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] formulaic recitation of the elements of a cause of action will not do."). Likewise, Soucie's descriptions of her lower leg treatment as "improper" and her amputation as "unnecessary" are conclusory, as is her statement that the "improper treatment" at Sebasticook resulted in the amputation. *See* ECF No. 1 at 2-3. While these allegations are not verbatim recitations of the elements of negligence, neither are they facts sufficient to state a plausible negligence claim. *See Shay v. Walters*, 702 F.3d 76, 82-83 (1st Cir. 2012). Such "borderline phrases," which do not exactly parrot legal conclusions but remain "threadbare or speculative," are properly disregarded. *See Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012) (quoting *Peñalbert-Rosa v. Fortuño-Burset*, 631 F.3d 592, 595 (1st Cir. 2011)); *see also Menard v. CSX Transp., Inc.*, 698 F.3d 40, 45 (1st Cir. 2012) (disregarding "assertions nominally cast in factual terms but so general and conclusory as to amount merely to an assertion that unspecified facts exist to conform to the legal blueprint.").

Viewing the complaint in this manner, Soucie has not plead facts that are sufficient to support a medical malpractice claim under Maine law,[1] which requires a showing that the defendant's departure from a recognized standard of care proximately caused injury to the plaintiff. *See Merriam v. Wanger*, 2000 ME 159, ¶ 8, 757 A.2d 778. Stripped of its conclusory statements, Soucie's complaint is silent as

---

[1] The FTCA subjects defendants to liability "in accordance with the law of the place where the act or omission occurred." 28 U.S.C.A. § 1346(b) (2014).

to how Sebasticook and Levick's medical treatment deviated from the appropriate standard of care, and is silent as to the causal connection between this alleged mistreatment and the amputation of Soucie's lower leg. Accordingly, the complaint fails to state a claim that would entitle Soucie to relief under the FTCA.

### ii. State Law Claims

Soucie's complaint also includes state law claims against Levick and Sebasticook as individuals "as a prophylactic measure" in the event that either defendant was not subject to the FSHCAA. ECF No. 1 at 4; ECF No. 6 at 2. Defendants concede that Levick and Sebasticook are subject to the FSHCAA, ECF No. 5 at 6, and Soucie agrees that in such a case, the FTCA is their exclusive remedy, ECF No. 6 at 2. Accordingly, Count II of Soucie's complaint should be dismissed.

### B. Plaintiff's Request for Leave to Amend Her Complaint

Soucie's opposition to the government's Motion to Dismiss contains a request that "if . . . Plaintiff's Complaint is too skeletal, Plaintiff seeks leave to amend her Complaint to remedy any pleading insufficiency." ECF No. 6 at 1. Federal Rule of Civil Procedure 15(a)(2) directs that the "court should freely give leave [to amend] when justice so requires." I discern no basis to conclude that Soucie should be denied the opportunity to amend her complaint in order to correctly state a claim, or that granting Soucie that opportunity will cause substantial prejudice to the government. Accordingly, Soucie should be given the leave to amend her complaint.

## II. CONCLUSION

It is ORDERED that (1) Count II of the complaint is dismissed; (2) Soucie is granted leave to file an amended complaint within ten (10) days of the date of this Order; and (3) in the event Soucie fails to file an amended complaint within the ten-day period, Count I of the complaint is dismissed and this action shall be deemed dismissed with prejudice.

**SO ORDERED.**

Dated: January 8, 2015                    /s/ Jon D. Levy
                                          U.S. District Judge