# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

| | |
|---|---|
| MARGARET SOUCIE )<br>)<br>  Plaintiff )<br>)<br>V. )<br>)<br>UNITED STATES OF AMERICA )<br>)<br>  Defendants ) | Civil Action<br>Case No. 1:14-cv-0370 JDL |

## AMENDED COMPLAINT
## [PURSUANT TO ORDER DATED JANUARY 8, 2015]

Plaintiff Margaret Soucie, by and through her undersigned attorneys, hereby for her Amended Complaint alleges as follows.

### SUMMARY OF CLAIMS

This is an administrative tort claim action brought pursuant to the Federal Torts Claim Act for personal injuries suffered by Plaintiff Soucie as a result of medical malpractice committed upon her by an employee of a federally-supported health facility.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1346(b), 2401(b) and 2671-2680.

2. Venue is properly vested in this Court because Plaintiff is a resident of this District and the acts complained of occurred within the jurisdiction of this District (specifically, Penobscot County, Maine).

## PARTIES

3. At all times pertinent hereto, Margaret Soucie (hereinafter "Soucie") was an individual residing in Dexter, Penobscot County, Maine.

4. At all times relevant hereto, Cynthia Levick FNP was an employee of Sebasticook Family Doctors (hereinafter "Sebasticook"), a Maine corporation with a principal place of business in Newport, Penobscot County, Maine.

5. Upon information and belief, at all times relevant hereto, Sebasticook was a "federally-supported health facility" pursuant to the Federally-Supported Health Centers Assistance Act of 1992, as amended, 42 U.S.C. Section 233(g)-(n).

## FACTS

6. In October 2012, Soucie was treated by and at the offices of Levick/Sebasticook.

7. Specifically, Ms. Soucie was seen on October 3, 2012 at 11 a.m. for a temperature of 100.59 F. Her highest reported temperature was 101.94 the night prior to the said office visit. She had a negative review of symptoms except for decreased appetite and energy. Her examination was reported within normal limits. Her prior history was notable for, among other conditions, hypertension, hyperthyroidism, low back pain, diabetes and peripheral neuropathy,

8. Ms. Soucie returned on October 5, 2012 with complaints of right foot pain and swelling for two days, with increasing pain and swelling without fever. Ms. Soucie was diagnosed with a foot infection and prescribed a course of clindamycin 150 mg four times daily and warm compresses to her foot. As discussed more fully below, that course of antibiotics was inadequate to address Ms. Soucie's circumstances and the prescribing of same was negligent.

9. Ms. Soucie was advised that she had "a virus" which would "run its course" and was advised to drink "plenty of water". As discussed more fully below, treating Ms. Soucie's infection as a viral infection was negligent.

10. Ms. Soucie returned on October 8, 2012 with a significantly worsening foot infection and a cyanotic toe, with observations that the bottom of [her] foot had a yellow area that had spread across and was painful. The foot was examined and found to be edematous, with a foul odor, erythematous and yellow.

11. On October 10, 2012, Ms. Soucie presented to the emergency room fulminant and with a severe and raging infection of the right foot, where a below knee amputation was performed upon her.

12. The medical care provided to Ms. Soucie on October 3, 5 and 8, 2012 fell far below and departed from the applicable standards of care and was negligent, particularly with regard to the treatment of the foot infection as though it was a viral infection and with respect to an inadequate dosing of antibiotics. That inadequate care resulted in the amputation, which would not have been necessary had Ms. Soucie obtained the proper care and treatment.

13. Accordingly, Levick/Sebasticook negligently and in breach of the applicable standards of care engaged in improper treatment for lower extremity

4

complaints, resulting in an unnecessary below-knee amputation of her right lower leg.

14. As a direct and proximate result of the negligence/breach of applicable standards of care of Levick/Sebasticook, Soucie has sustained personal injuries, including but not limited to:

    a. loss of her right lower leg;

    b. tremendous emotional distress, both past and future;

    c. pain and suffering; and

    d. loss of enjoyment of life.

15. On or about November 20, 2013, Plaintiff filed a Notice of Claim against Levick/Sebasticook pursuant to 24 M.R.S.A. Section 2853 and 14 M.R.S.A. Section 1602.

16. On or about January 23, 2014 the United States Department of Health and Human Services (hereinafter õthe Departmentö) issued a letter advising Plaintiff that Levick and Sebasticook were at all times relevant employees of a federally-supported health facility and that, pursuant to the Federally-Supported Health Centers Assistance Act of 1992, as amended, 42 U.S.C. Section 233(g)- (n), the Federal Torts Claim Act, 28 U.S.C. Section 1346(b), 2671-2680 is and was the exclusive remedy for the injuries sustained by Plaintiff.

17. On August 18, 2014, the Department issued a further letter advising Plaintiff that, after review, the claim of Plaintiff for the medical malpractice described above was denied. In that letter, the Department advised Plaintiff that the

5

appropriate remedy for such denial, if and to the extent that Plaintiff disagreed with the said denial, was the filing of suit in the appropriate United States Federal District Court.

18. This action followed upon the aforesaid actions of the Department.

19. By reason of the foregoing, Plaintiff is entitled to recover against the United States pursuant to the Federal Torts Claim Act.

**WHEREFORE,** Plaintiff demands judgment against the Defendant United States for compensatory damages in the amount of one million one hundred thousand Dollars ($1,100,000) and for her attorneys fees and costs, together with all such other, further and additional relief as this Court deems just and appropriate, and for a trial by jury on all issues so triable as a matter of right.

DATED at Lewiston, Maine this 9th day of January, 2015

/s/David Van Dyke, Esq.
Lynch & Van Dyke, P.A.
P.O. Box 116
Lewiston, Maine 04243-0116
207-786-6641
dvandyke@hlrvd.com

Carl D. McCue, Esq.
Bar No. 2198
McCue Law Office LLC
40 Western Avenue
P.O. Box 655
Hampden, ME 04444

*Attorneys for Plaintiff*

6

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

I hereby certify that on January 9, 2015, I electronically filed the within

**AMENDED COMPLAINT**

using the DM/ECF system which will send notification of such filing to Assistant United States

Attorney Andrew Lizotte.

/s/ David Van Dyke, Esq.
Lynch & Van Dyke P.A.
261 Ash Street - P.O. Box 116
Lewiston, Maine 04243-0116
Tel. 207-786-6641
dvandyke@HLRVD.com